IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN A. DAMATO. | ) CASE NO. 1:18-CV-680 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) **DEFENDANTS' NOTICE PURSUANT** |
| | ) **TO LOCAL RULE 37.1 OF** |
| JOHN KAZIMER, *et al*., | ) **DISCOVERY DISPUTE AND** |
| | ) **CERTIFICATION OF DEFENDANTS'** |
| Defendants. | ) **GOOD FAITH EFFORT TO** |
| | ) **RESOLVE THE SAME** |

Pursuant to Local Rule 37.1, Defendants hereby give notice that the parties have reached an impasse on certain requested discovery and that, despite good faith efforts to resolve the same, the discovery dispute remains.

This matter is a refiled case, refiled on March 26, 2018. Case Management Conference was held on July 30, 2018. Defendant Office John Kazimer propounded written discovery to Plaintiff via Plaintiff's counsel on August 21, 2018. Discovery cut off in this case is set for February 1, 2019. On January 3, 2019 the Court held a status conference which Plaintiff's counsel failed to attend. On January 10, 2019 Counsel for Defendant sent Plaintiff a letter via email and regular mail demanding a response to written discovery. As of this filing, Plaintiff has not responded to written discovery sent on August 21, 2018. The Federal Rules of Civil Procedure require a response to written discovery within 28 days of service. Five months and one week later Plaintiff has not answered discovery.

Defendant now submits this discovery dispute and moves the Court for the following relief:

1) Dismiss this matter with prejudice for Plaintiff's failure to prosecute and participate in the litigation he instituted.

1

Alternatively, Defendant moves the Court for an order granting the following:

1) No extension of the discovery deadline. Plaintiff cannot and should not benefit from Plaintiff's Counsel's failure to participate in this litigation.

2) An order to allow Justin Damato deposed outside of the discovery cut off, only after Defendant's written discovery is fully answered.

3) An order allowing any other depositions Defendant John Kazimer's Counsel deems necessary based on written discovery responses and Plaintiff's deposition to proceed outside of the discovery deadline.

4) An order delaying expert discovery until Defendant is able to complete all discovery deemed necessary.

5) An order dismissing this matter with prejudice for failure to comply with and all reasonable discovery requests of Defendant Kazimer's Counsel.

6) A delay of any dispositive motion deadline until Defendant Kazimer's counsel is satisfied with the discovery process.

7) Any other ruling, including sanctions, this Court deems necessary.

Plaintiff's complaint contains very serious allegations against Defendant Kazimer. Plaintiff, via Counsel, has inexplicably refused to participate in this litigation. Defendant moves this Court, in light of Plaintiff's conduct, to either dismiss this matter with prejudice or alternatively grant all discovery related sanctions requested by Defendant Kazimer.

        Respectfully submitted,

        **BARBARA A. LANGHENRY (0038838)**
        **Director of Law, City of Cleveland**

**By:**   <u>s/ John P. Bacevice Jr.</u>
        **JOHN P. BACEVICE JR. (0087306)**
        Assistant Director of Law
        601 Lakeside Avenue
        City Hall, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Fax: (216) 664-2663
        Email: jbacevice@city.cleveland.oh.us
        ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on January 28, 2019.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                        s/ John P. Bacevice Jr.
                        John P. Bacevice Jr. (0087306)
                        Attorney for Defendant